UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Sunoco Pipeline L.P.**, | Case No. 3:19-cv-00741-JZ |
| Plaintiff, | **Judge Jack Zouhary** |
| -vs- | **Defendant's Answer to Plaintiff's Complaint with Jury Demand Endorsed Hereon** |
| **CSX Transportation, Inc.**, | |
| Defendant. | |

Defendant, CSX Transportation, Inc. ("CSXT"), for its Answer to Plaintiff's Complaint, admits, denies, alleges, and otherwise avers as follows:

## FIRST DEFENSE

1. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations contained in this paragraph.

2. CSXT admits it conducts business in Ohio, operates trains through the City of Toledo, and has its principal place of business in Jacksonville, Florida. CSXT denies the remaining allegations contained in this paragraph.

3. This paragraph calls for a legal conclusion to which no response is required; to the extent a response is required, CSXT does not contest jurisdiction or venue.

4. CSXT admits that a CSX train derailed in Toledo, Ohio, on December 4, 2016, but denies the remaining allegations contained in this paragraph.

5. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations contained in this paragraph.

6. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations contained in this paragraph.

7. CSXT denies the allegations contained in this paragraph.

### First Cause of Action

8. CSXT incorporates and restates its responses to the allegations in paragraphs 1 through 8 above.

9. CSXT admits it operated the train that derailed on December 4, 2016, and that it owned the subject track. CSXT denies the remaining allegations contained in this paragraph.

10. CSXT admits it employed the train crew who operated the train that derailed on December 4, 2016 and that it owned, maintained, and controlled the subject track. CSXT denies the remaining allegations contained in this paragraph.

11. This paragraph calls for a legal conclusion to which no response is required; to the extent a response is required, CSXT denies the allegations contained in this paragraph.

12. CSXT denies the allegations contained in this paragraph.

13. CSXT denies the allegations contained in this paragraph.

### Second Cause of Action

14. CSXT incorporates and restates its responses to the allegations in paragraphs 1 through 13 above.

15. CSXT denies the allegations contained in this paragraph.

16. CSXT denies the allegations contained in this paragraph.

### Third Cause of Action

17. CSXT incorporates and restates its responses to the allegations in paragraphs 1 through 16 above.

18. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations contained in this paragraph.

19. CSXT denies the allegations contained in this paragraph.

20. CSXT denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

21. CSXT denies each and every allegation and averment contained in Plaintiff's Complaint that has not been specifically and expressly admitted as true herein.

22. Plaintiff operated the pipelines on or near CSXT right-of-way with full knowledge and appreciation of such risk, assumed all risk of, and waived any right to seek or claim any direct or consequential damages, resulting from any loss or injury to the pipelines including derailment arising from CSXT's rail operations.

23. Plaintiff expressly waived damages due to loss of or interference with pipeline service of or use of service.

24. Plaintiff released CSXT from any liability resulting from any loss or injury to the pipelines including derailment arising from CSXT's rail operations.

25. The damages for which Plaintiff seeks recovery were directly and proximately caused, in whole or in part, by the negligence of Plaintiff, which either precludes or reduces recovery.

26. The damages for which Plaintiff seeks recovery were directly and proximately caused by the primary, substantial, independent, superseding and/or intervening acts or negligence and/or misconduct and/or breach of contract, warranty and/or duty and/or representation and/or violation of statute, ordinance, code, regulation or other provision of law and/or breach of duty and/or failures of persons or parties other than CSXT or for whom CSXT is not legally responsible.

27. The claims of Plaintiff are precluded, in whole or in part, by federal and/or state law, including but not limited to, the Federal Railroad Safety Act of 1970, and the Railway Labor Act.

28. Plaintiff's Complaint fails to state claims upon which relief may be granted.

29. Plaintiff has failed to join one or more necessary and/or indispensable parties.

30. Plaintiff has failed to mitigate its damages.

31. CSXT pleads the defenses of accord and satisfaction, res judicata, collateral estoppel, release and/or waiver, and/or laches.

32. CSXT reserves the right to add to its Answer and to rely on all defenses that may hereafter be disclosed through investigation, discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, CSX Transportation, Inc., prays that this matter be dismissed against it, that it recovers its costs and attorneys' fees expended herein and all other relief to which it is entitled.

          Respectfully Submitted,

          ***s/James R. Carnes***
          James R. Carnes (0070005)
          Shumaker, Loop & Kendrick, LLP
          1000 Jackson Street
          Toledo, Ohio 43604
          419.241.9000
          419.241.6894 (fax)
          jcarnes@shumaker.com
          Attorneys for Defendant
          CSX Transportation, Inc.

## JURY DEMAND

Defendant hereby demands trial by jury.

Respectfully submitted,

*s/James R. Carnes*
James R. Carnes (0070005)
Shumaker, Loop & Kendrick, LLP
Trial Attorney for Defendant,
CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on April 30, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/James R. Carnes*
James R. Carnes (0070005)
Shumaker, Loop & Kendrick, LLP
Trial Attorney for Defendant,
CSX Transportation, Inc.
